IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09 CV 200-MU

| | | |
|---|---|---|
| CLEVELAND CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| FIREMAN'S FUND INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant's 12(b)(6) Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted. For reasons set forth below, the Defendant's Motion is DENIED as to the breach of contract claim and GRANTED as to the negligence claim.

**BACKGROUND**

The Plaintiff, Cleveland Construction, Inc. ("Cleveland"), took part in a construction project that was insured by the Defendant, Fireman's Fund Insurance Company ("Fireman's Fund"). Under the Fireman's Fund insurance policy ("the Policy"), Cleveland is listed as an insured. The policy covers "risk of direct physical loss to covered property from any external cause" as well as "an insured's materials, supplies, machinery, equipment and fixtures the insured owns or for which the insured is liable or which insured has contracted to install or erect." (Def. Mem. Mot. Dismiss p. 3.)

Cleveland sues Fireman's Fund to recover for losses that occurred during construction, including "gouges, holes, dents, cracks, and other damages to dry wall installed by [Cleveland]." (Compl. p. 8.)  Cleveland alleges that these losses are covered under the Policy.  Cleveland alleges that these losses were caused by "the actions of other contractors and/or Mecklenburg County and its agents and/or representatives." (*Id.*)  In its complaint, Cleveland does not provide dates for when the losses occurred.  Cleveland does however allege that Fireman's Fund was given notice of the losses, and Fireman's Fund has known of the losses "as early as August 2007." (*Id.*)  Cleveland further alleges that Fireman's Fund has failed to investigate the losses, as such, Fireman's Fund "has not established a date of loss."

In its complaint, Cleveland asserts three claims for relief: (1) breach of contract, (2) negligence, and (3) declaratory judgment.  The breach of contract claim is predicated on Fireman's Fund's failure to abide by the Policy.  Cleveland alleges that it has met all conditions precedent for prosecuting this breach of contract claim.  The negligence claim is founded upon Fireman's Fund's breach of its alleged "duty to exercise due care in investigating, handling, negotiating and paying [Cleveland's] claim." (*Id.* at 18.)   In its third claim, Cleveland seeks to clarify its rights under the Policy.[1]

Before filing this action, Cleveland brought two other suits based on its involvement in the construction project.  Fireman's Fund asks the court to take judicial notice of the complaints and orders in those suits.  The court, in its discretion, declines to look beyond the pleadings when ruling on the 12(b)(6) aspect of this motion.  *See Phillips v. Pitt County Mem'l Hosp.*, 572 F.3d

---

[1] In Fireman's Fund's memorandum in support of its motion, it fails to explicitly address this third claim; therefore, the court reserves judgment.

176, 180 (discussing the discretionary nature of judicial notice in the context of a 12(b)(6) motion).

## STANDARD OF REVIEW

When a court rules on a 12(b)(6) motion to dismiss, all well-pleaded allegations are accepted as true, and reasonable inferences are drawn in favor of the plaintiff. *Edwards v. Coty of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). A plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When the allegations in a complaint do not "raise a claim of entitlement to relief," the court will dismiss the complaint. *Id.* at 558, 570.

## DISCUSSION

### A. *Breach of Contract Claim*

Fireman's Fund argues that the breach of contract claim fails to state a claim for relief because (1) the facts, as alleged, do not call for coverage under the policy, and (2) before filing its complaint, Cleveland allegedly failed to comply with the Policy's conditions precedent for bringing suit.

Fireman Fund's first argument is that "the insured party has the burden of bringing itself within the insuring language of the policy." (Def. Mem. Mot. Dismiss p. 9). Fireman's Fund based this legal assertion on two summary judgment cases in which parties had completed at least some discovery, and the courts turned to discovered facts to decide whether the losses were covered under the policies. *Defeat the Beat, Inc. v. Underwriters at Lloyd's London*, 669 S.E.2d 48, 52 (N.C. Ct. App. 2008); *Nelson v. Hartford Underwriters Ins. Co.,* 630 S.E.2d 221, 226, 229

(N.C. Ct. App. 2006). Fireman's Fund argues that Cleveland has not brought itself under the Policy because Cleveland fails to specify the dates of loss and fails to describe the external cause of the losses.

Fireman's Fund incorrectly looks to summary judgment cases, and advocates for a stringent standard that would turn this 12(b)(6) motion into a motion for summary judgment. Fireman's Fund's current motion is for 12(b)(6), and therefore this court will only look to the pleadings—as opposed to a developed record of facts—in order to determine whether Cleveland's complaint provides "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.D. 544, 570 (2007).

Cleveland alleges enough facts to meet the low bar of stating a claim for relief. Cleveland alleges that despite being insured under the Policy, Fireman's Fund has refused to process Cleveland's insurance claim. Cleveland alleges that it installed dry wall, during the effective policy period, and the drywall was subsequently damaged by an external cause. Cleveland further alleges that it has abided by the requirements of the policy.

Fireman's Fund argues that Cleveland has not provided specific dates of loss or precise descriptions of the external causes, but that is not required at this stage. Prior to discovery, Cleveland does not have the burden of knowing the exact date of the losses. Indeed discovery is called for precisely because, as alleged, the losses occurred at a construction site where other contractors were working over a span of years, and Cleveland needed Fireman's Fund to investigate in order to establish the dates. Further, at this stage, Cleveland does not bear the burden of describing the exact external cause of the damage in order to proceed with its claim. Again,

Cleveland was depending on Fireman's Fund's investigative resources to help establish the cause of the losses, and as alleged, Fireman's Fund failed to investigate.

Fireman's Fund's second argument is that Cleveland failed to comply with the Policy's conditions precedent before filing suit, including conditions for timely and written notice. Fireman's Fund's argument is again contingent on discovering the precise dates of loss, in addition to ascertaining the exact form by which Cleveland notified Fireman's Fund of the losses: these are matters that are not before the court when ruling on a 12(b)(6) motion. *See Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1471 (stating that by looking outside the pleadings a motion to dismiss becomes a motion for summary judgment).

B. *Negligence Claim*

Cleveland fails to state a claim under a negligence theory. The North Carolina Supreme Court held that "[o]rdinarily, a breach of contract does not give rise to a tort action by the promisee against the promisor." *Ports Authority v. Roofing Co.,* 240 S.E.2d 345, 350 (N.C. 1978), *rejected on other grounds by Trustees of Rowan Tech. v. Hammond Assoc.,* 328 S.E.2d 274, 281-82 (N.C. 1985). The few exceptions to this rule are for (1) harm that occurs "'to the person or property of someone other than the promisee,' (2) [harm that] occurs 'to property of the promisee other than the property which was the subject of the contract, or was a personal injury to the promisee,' (3) [harm that] 'was loss of or damage to the promisee's property, which was the subject of the contract, the promisor being charged by law, as a matter of public policy, with the duty to use care in the safeguarding of the property from harm, as in the case of a common carrier, an innkeeper or other bailee,' or (4) [harm that] 'was a willful injury to or a conversion of the property of the promisee, which was the subject of the contract, by the promisor.'" *Mason v. Yontz*, 403

S.E.2d 536, 538 (N.C. Ct. App. 1991) (quoting *North Carolina State Ports Auth. v. Lloyd A. Fry Roofing Co.,* 240 S.E.2d 345, 350-51 (N.C. 1978)).

None of the above exceptions apply in this case. The damages that Cleveland seeks are not for property lost at the hands of Fireman's Fund. Nor is this a case in which public policy considerations are present. Cleveland therefore fails to state a claim for negligence.

C. *Statute of Limitations*

Fireman's Fund also argues that Cleveland's claims are barred by the applicable statute of limitations. Yet neither Fireman's Fund nor Cleveland has established a precise date of loss; therefore, the court cannot calculate whether the applicable statute of limitations has been tolled.

D. *Res Judicata*

Fireman's Fund also asserts that Cleveland's claims are barred by the doctrine of *res judicata*; however, the claims are not barred because there has not been a final judgment on the merits in a prior action.

Before a claim is barred under the doctrine of *res judicata*, there must be "a final judgment on the merits in a prior action [that is] based on the same cause of action between the same parties or those in privity with them." *Thomas M. McInnis & Assoc., Inc. v. Hall,* 349 S.E.2d 552, 556 (N.C. 1986). A judgment is not final for the purposes of *res judicata* when the case has been dismissed for lack of subject matter jurisdiction. *Williams v. U.S.*, 50 F.3d 299, 305 (4th Cir.1995).

Cleveland's previous suit against Mecklenburg County does not preclude this suit against Fireman's Fund.[2] There is some confusion whether the suit against Mecklenburg County was

---

[2] In order to adjudicate this issue of *res judicata*, the court, in its discretion, takes judicial notice of the order dismissing Cleveland's suit against Mecklenburg County. The order is *Cleveland Construction, Inc. v. Mecklenburg County*, No. 07 CVS 15408 (N.C. Super. Ct. Oct. 24, 2008).

dismissed for lack of subject matter jurisdiction or for failure to state a claim upon which relief could be granted.  The Superior Court of North Carolina explicitly granted "Defendants' Motions to Dismiss the Complaint pursuant to Rule 12(b)(1) and (6) of the North Carolina Rules of Civil Procedure."[3]  *Cleveland Constr., Inc. v. Mecklenburg County*, No. 07 CVS 15408, at *3  (N.C. Super. Ct. Oct. 24, 2008).  But the state court's decision was based solely on 12(b)(1), its lack of subject matter jurisdiction: the parties had agreed to a dispute resolution provision that prevented the state court from adjudicating the action.  Because there was no final judgment on the merits in *Cleveland Constr., Inc. v. Mecklenburg County*, that action cannot bar this current suit.  *Id.* at *2-3.

**CONCLUSION**

For the reasons given above, the Defendants' Motion to Dismiss is DENIED as to the breach of contract claim and GRANTED as to the negligence claim.

Signed: November 5, 2009

Graham C. Mullen
United States District Judge

---

[3] Under the North Carolina Rules of Civil Procedure, 12(b)(1) is dismissal for "[l]ack of jurisdiction over the subject matter"  and 12(b)(6) is dismissal for "[f]ailure to state a claim upon which relief can be granted."  N.C. Gen. Stat. § 1A Rule 12(b).