| | |
|---|---|
| Cleveland Construction Inc., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| Fireman's Fund Insurance Co., ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court on Plaintiff's Motion to Compel and Motion for Leave to File Supplemental Expert Report. (Doc. #40.) For reasons explained below, the Plaintiff's Motion is GRANTED IN PART as to the Motion to Compel and GRANTED as to the Motion for Leave to File a Supplemental Expert Report.

I. Background

Plaintiff Cleveland Construction Inc. ("Cleveland") took part in the construction project of the Mecklenburg County Courthouse that was insured by the Defendant, Fireman's Fund Insurance Company ("Fireman's Fund"). Under the Fireman's Fund insurance policy ("Policy"), Cleveland is listed as an insured. Cleveland filed its Complaint on April 15, 2009 alleging breach of contract, negligence, and declaratory relief arising from claims made upon the Policy. Cleveland then began discovery.

After completing their first round of discovery, Cleveland amended its Complaint and added state claims for bad faith and unfair trade practices against Defendant. (Doc. # 29.) Cleveland's Amended Complaint alleged that Fireman's Fund consciously refused to initiate an investigation into Cleveland's claims.

Cleveland then began a second round of discovery based on its state claims. Cleveland, by interrogatory, sought "all claims made by Mecklenburg County or any other named insured under the policy, or any prior Policy of the same type issued by you to Mecklenburg County." (Def. Ex. A.) Fireman's Fund objected to the interrogatory, "because it sought irrelevant information and was overly burdensome and harassing," and instead provided a Loss History Report ("Report"). The Report reflects all claims made under the Policy and includes the date of a loss, claim description, and amount paid. (Def. Ex. A.) In all, more than 49 claims have been made against the Policy. (*Id.*) Only one claim, No. 80073047 ("Claim 80"), relates to the construction of the Mecklenburg County Courthouse. *Id.*

Cleveland alleges that the Report provides incomplete information, fails to detail the identity of the insured, and fails to identify the nature and type of claim. After conferring with Defendant's counsel, Cleveland seeks to compel discovery of all 49 claims made against the policy.

II. Discussion

The district court has substantial discretion in managing discovery. *Lone Star Steakhouse & Saloon Inc. v. Alpha of Va. Inc.*, 43 F.3d 922, 929 (4th Cir. 1995). The Federal Rules of Civil Procedure provides that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The Rules also provide that "the court must limit the frequency or extent of discovery . . . if it determines that: (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(C).

After reviewing the submissions of the parties, the court will grant Plaintiff's Motion to Compel Discovery only as to Claim 80. Discovery of Claim 80 is "nonprivileged matter that is relevant to [Plaintiff's] claim." Fed. R. Civ. P. 26(b)(1). Plaintiff's Amended Complaint alleges bad faith and unfair or deceptive trade practices. Defendant's evidence as to Claim 80 would reveal patterns and practices of investigating and settling claims under the "All Risk" insurance policy. The likely benefit of discovery of Claim 80 outweighs the burden or expense of such discovery.

Discovery as to the other 48 claims is not relevant to Plaintiff's claims because they arise from various causes: weather damage, vandalism, a light rail accident, etc. Thus, discovery would yield little relevant information to Plaintiff's claims. Furthermore, the burden and expense of discovery of the other 48 claims outweighs its likely benefit. Thus, discovery as to the narrow issue of Claim 80 is ordered, and discovery as to the other 48 claims is denied.

III. Conclusion

For the reasons given above, Plaintiff's Motion to Compel is GRANTED as to claim number 80073047, and DENIED as to the other 48 claims, and GRANTED as to the Motion for Leave to File a Supplemental Expert Report.

Signed: July 19, 2010

Graham C. Mullen
United States District Judge