IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09-CV-200-GCM

| | |
|---|---|
| CLEVELAND CONSTRUCTION, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| ) | |
| FIREMAN'S FUND INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on Defendant's Motion for Summary Judgment [D.I. 44], Plaintiff's Response [D.I. 47] and Defendant's Reply [D.I. 49]. Oral arguments were held on the Motion on March 21, 2011. For the reasons laid out below, the Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. Background**

Cleveland Construction Company ("Plaintiff") filed suit against Fireman's Fund Insurance Company ("Defendant") on April 15, 2009 in the Superior Court of Mecklenburg County, alleging breach of an insurance contract and negligence. The Defendant removed the action to this Court on May 15, 2009. [D.I. 1]. On November 5, 2009, the Court issued an order granting the Defendant's Motion to Dismiss as to the Plaintiff's negligence claim and denying it as to the Plaintiff's breach of contract claim. [D.I. 21]. The Plaintiff was granted leave to amend its complaint on January 25, 2010 to add claims of unfair and deceptive trade practices and bad faith. [D.I. 28].

1

The Defendant issued an all-risks insurance policy to Mecklenburg County (the "County") providing builder's risk insurance for the construction of the new Mecklenburg County Courthouse. [D.I. 12-5]. The courthouse was completed in December 2006. The policy covered "risk of direct physical loss to covered property from any external cause" as well as "an insured's materials, supplies, machinery, equipment or fixtures the insured owns or for which the insured is liable or which insured has contracted to install or erect." Id. Excluded from coverage are "all costs and expenses incurred in the…reworking of any faulty or defective workmanship, material or design of covered property." Id. The Defendant does not dispute that there was a policy in place or that Plaintiff is an insured with respect to the project. Defendant's Brief in Support of Motion for Summary Judgment at 1.

The Plaintiff claims portions of its work and materials were damaged or stolen, resulting in losses to the Plaintiff and requiring Plaintiff to perform repair work under its contract with the County. Plaintiff submitted four claims to the Defendant under the all-risks policy. The first was to recover costs that the County charged the Plaintiff for roof re-work, which the County alleged was at least partially due to Plaintiff's poor workmanship. The second claim was for the costs of lost and stolen hardware belonging to Plaintiff. The third was to recover costs that the County assessed Plaintiff for cleaning stucco debris out of cooling towers. The fourth claim was to recover costs that Plaintiff incurred for repairing damage to drywall that Plaintiff installed.

Defendant asserts the Plaintiff failed to give proper notice of their claims under the policy. The Plaintiff requested a copy of the insurance policy from Robert Lutz, the senior project manager for the County, on April 10, 2006. [D.I. 44-8]. Plaintiff allegedly took no action for 16 months, and then sent a follow-up letter to the attorney for the County on August 8, 2007. [D.I. 44-10]. Plaintiff contends that it was sent the incorrect insurance policy in the first instance, and that the County had

2

represented that they would file the Plaintiff's claims with the insurance company. [D.I. 44-11]. Plaintiff reported the claims to Marsh, Inc., the insurance broker handling claims for the County, on September 7, 2007. Plaintiff's documents in support of its claims were submitted on October 2, 2007 to the County. Defendant asserts the claim documents did not contain specific dates or causes of loss for the claims and that the Plaintiff did not cooperate fully in the investigation of the claim. Plaintiff counters that the Defendant never undertook even a preliminary investigation of the claim.

## II. Summary Judgment Standard

"Under the Federal Rules of Civil Procedure, summary judgment shall be awarded 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(c)). A genuine issue of material fact exists if a reasonable jury, considering the evidence, could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Celotex Co. v. Catrett, 477 U.S. 317, 325 (1986). If this showing is made, the burden then shifts to the non-moving party. Bouchat, 346 F.3d at 519. A party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of [its] pleadings," but rather must "set forth specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Co., 475 U.S. 574, 586 (1986); Fed. R. Civ. P. 56(e). When considering the facts in evaluating a summary judgment motion, the Court views the materials in the light most favorable to the non-moving party." Id. at 587.

**III. Plaintiff's Claims**

    **A. Breach of Contract**

"For a breach of contract claim, a plaintiff must show a valid contract existed, and a breach of its terms. . . . When examining whether an insurance policy is breached, we begin with the well-settled principle that an insurance policy is a contract and its provisions govern the rights and duties of the parties thereto. The insured party has the burden of bringing itself within the insuring language of the policy." Nelson v. Hartford Underwriters Ins. Co., 630 S.E. 2d 221, 229 (2006)(quoting Fid. Bankers Life Ins. Co. v. Dortch, 318 N.C. 378, 380 (1986)).. Defendant relies on Defeat the Beat v. Underwriters at Lloyd's London for the proposition that the Defendant is entitled to summary judgment because the Plaintiff has not brought itself within the limits of the policy. 669 S.E.2d 48 (N.C. App. 2008). Defendant contends the Plaintiff has not provided evidence to show that the damages were not due to their own shoddy workmanship. In Defeat the Beat, a corporation organized to host an annual band competition brought an action against the insurance company to recover for breach of contract, bad faith and deceptive and unfair trade practices because the insurance company refused to pay the corporation's lost profits. Id. In that case, lost profits were specifically excluded from the policy and there was no dispute that plaintiff's claim was rooted in lost profits. Id. Here, there is a dispute as to whether the Plaintiff's claim is excluded under the language of the policy.

Plaintiff counters that an all-risk policy is to be read broadly. "Recovery will be allowed under a policy affording 'all risks' coverage for all losses of a fortuitous (external) nature not resulting from misconduct or fraud, unless the policy contains a specific provision expressly excluding loss from coverage. The term 'all risks' is not to be given a restrictive meaning." Avis

v. Hartford Fire Ins. Co., 283 N.C. 142, 146 (1973). The Plaintiff has made a *prima facie* case that it is covered under the policy. The Defendant does not dispute that there is a policy, it was in effect at the time, and that the Plaintiff was a named insured. There is a coverage exclusion in the policy for the contractor's own poor workmanship; however, there appears to be a genuine issue of material fact as to whether, or to what extent, the Plaintiff contributed to the damage through their shoddy workmanship. The Plaintiff produced documentary evidence demonstrating Plaintiff's protests at being required to do at least some of the repair work. See Exhibit 37 of the Master Deposition Exhibits, Tab 1, MARSH-01-00127; see also Exhibit 37 of the Master Deposition Exhibits, Tab 5, MARSH-01-00167. The Defendant even acknowledges in their own brief that the County only found the Plaintiff "partially" responsible for certain repairs and has not forecasted evidence that the Plaintiff was completely responsible and thus outside the bounds of the policy. See Defendant's Memorandum in Support of its Motion for Summary Judgment at 11. Plaintiff has presented sufficient evidence to survive summary judgment on whether they were covered under the policy.

The Defendant's claim that the Plaintiff did not provide prompt notice is similarly a question more suited for a jury. The policy requires notice "as soon as practical after the loss or damage." [D.I. 12-5]. Courts have enforced an "as soon as practical" notice provision to bar claims, considering it to be a condition precedent for coverage. Yale v. National Indem. Co., 664 F.2d 406, 409 (4th Cir. 1982). Here, however, Plaintiff has submitted sufficient evidence to suggest that they were given the incorrect policy and that it had some notion that the county was submitting insurance claims on their behalf. See August 8, 2007 Letter [D.I. 44-10]; see also September 7, 2007 Letter [D.I. 44-11]. The question of whether under the circumstances the delay in notice was in good faith and "as soon as practical" is one for a jury; therefore, summary judgment on the basis of notice is denied.

The more difficult issue for the Plaintiff's breach of contract claim is the statute of limitations. The general statute of limitations for breach of contract actions in North Carolina is three years. N.C. Gen. Stat. § 1-52(1). The policy also requires that any legal action be brought within three years after the insured gains knowledge of the direct loss or damage. [D.I. 12-5]. The issue of whether a cause of action is barred by the statute of limitations should be submitted to a jury "when the evidence is sufficient to support an inference that the limitations period has not expired." Piles v. Allstate Ins. Co., 653 S.E.2d 181, 183 (N.C. App. 2007).

Plaintiff's argument that the action did not accrue until the Defendant breached the contract is not compelling. First, they rely on an inapposite case in which the court found that the statute of limitations prescribed in the insurance contract could not be less than that prescribed by law (there was a direct statutory violation). F&D Company v. Aetna Ins. Co., 305 N.C. 256 (1982). Here, the time period prescribed is not less than that prescribed by law. Second, Lloyd v. Grain Dealers Mutual Ins. Co. is clear on the issue. "An insurance policy is a contract and its provisions govern the rights and duties of the parties…[a]ccording to the provisions of the insurance policy [here], any legal action against the defendant must be 'brought within three years after the date the physical loss or damage occurred.'" 645 S.E.2d 230, *2 (N.C. App. 2007)(unpublished disposition). The parties can and did contract to a specific time limit for legal action. Plaintiff's arguments to the contrary are unpersuasive. A three year statute of limitations applies to the claim. Plaintiff filed their Complaint on April 15, 2009; therefore, any claim that arose prior to April 15, 2006 is barred.

The record and the parties are both unclear on the actual dates of loss. As discussed, Plaintiff submitted four claims to the Defendant. The first was to recover costs that the County charged the Plaintiff for roof re-work, which the County alleged was at least partially due to Plaintiff's poor workmanship. The second claim was for the costs of lost and stolen hardware belonging to Plaintiff.

The third was to recover costs that the County assessed Plaintiff for cleaning stucco debris out of cooling towers. The fourth claim was to recover costs that Plaintiff incurred for repairing damage to drywall that Plaintiff installed.

As to the first claim of roof-rework, the record is clear that the Plaintiff received notice of the damage and the County's intent to hold them responsible for the damage on March 22, 2006. See Exhibit 37 of the Master Deposition Exhibits, Tab 1, MARSH-01-00119. This claim is barred by the statute of limitations.

As to the second claim for lost and stolen hardware, the hardware was allegedly stolen on or about August 20, 2006. See Exhibit 37 of the Master Deposition Exhibits, Tab 3, MARSH-01-00138. Defendant does not dispute this date. This claim is not barred by the statute of limitations.

As to the third claim for stucco debris, while it is clear from the record that much of the clean up occurred prior to April 15, 2006, the record does not demonstrate that the Plaintiff was charged for such rework, or on notice that they would be charged, until February 2007. When the damage to Cleveland Construction occurred is a matter best left for the jury. Summary judgment on the statute of limitations defense for this claim is denied without prejudice to the Defendant raising the defense at trial.

As to the fourth claim for drywall repairs, the record is clear that such repairs (and presumably the accompanying damage) occurred throughout the construction project. Plaintiff was clearly on notice of such repairs because they were actually performing them, and the record is clear that the County put the Plaintiff on notice that such repairs would be their responsibility as early as March 2, 2006. Any such damage that occurred prior to April 15, 2006 is barred by the statute of limitations. Thus, any claim arising from a Change Order Ticket or Time and Material Ticket dealing with the drywall damage and dated April 15, 2006 or earlier is barred by the statute of

limitations. Any claim arising from a Change Order Ticket or Time and Material Ticket dated April 16, 2006 or later is allowed. Summary judgment on this claim as to the statute of limitations is thus granted in part and denied in part. Denial is without prejudice to Defendant raising the defense at trial.

In accordance with the foregoing analysis, summary judgment is **DENIED IN PART** and **GRANTED IN PART** as to the breach of contract claim.

### B. Bad Faith

Bad faith against an insurance company on the refusal to settle a claim requires three elements. Lovell v. Nationwide Mutual Ins. Co., 424 S.E.2d 181, 184 (1993). The Plaintiff must prove: (1) a refusal to pay after recognition of a valid claim, (2) bad faith, and (3) aggravating or outrageous conduct (for punitive damages). Id. Bad faith means "not based on honest disagreement or innocent mistake." Id. (quoting Daily v. Integon Gen. Ins. Corp., 331 S.E.2d 148 (N.C. App. 1993)). Defendant asserts that the Plaintiff's insurance claim has not been recognized and paid because of the Plaintiff's lack of information and cooperation and that as a result, whether Plaintiff is entitled to coverage is "unclear." Defendant's Memorandum in Support of their Motion for Summary Judgment at 19. Defendant argues there is an honest disagreement over coverage here, which requires a finding for Defendant on the bad faith claim. Additionally, the Defendant asserts there is no evidence in the record of any aggravating or outrageous conduct on the part of the insurer.

Plaintiff urges the Court to go beyond the Defendant's definition of insurance bad faith to settle and to rely on Dailey v. Integon General Ins. Corp. 331 S.E.2d 148 (N.C. App. 1985). In Dailey, the court upheld an exception to the typical rule that punitive damages are not available for a breach of contract claim. When there is an identifiable tort, even though that tort constitutes or

8

accompanies a breach of contract, the tort (including bad faith refusal to settle an insurance claim) may give rise to punitive damages if there is some element of "aggravation." Id. at 154. The tort need not be separate from the contract itself. In finding bad faith refusal to settle, the court in Dailey found a "great volume of evidence which tends to show that defendant's refusal to pay or settle plaintiff's claim on any reasonable basis was not based on honest disagreement or innocent mistake." Id. at 155. In that case, the defendant delayed in investigating a fire claim, hired a clearly unqualified builder to estimate the damages and repairs, and offered a grossly low settlement amount. Additionally, the defendant's agent told the plaintiff's neighbors that the plaintiff set the fire to his home for purposes of collecting insurance money, although there was absolutely no evidence to support that contention. Id.

It is clear under the case law that punitive damages for a bad faith claim require some sort of aggravated conduct. The record indicates that the Defendant did not undertake an investigation of the claim; however, the Defendant's conduct does not rise to the level of aggravated conduct seen throughout the relevant case law, and thus summary judgment for the bad faith claim is **GRANTED**. The Plaintiff has provided sufficient evidence to withstand summary judgment as to their unfair and deceptive trade practices claim.

### C. Unfair and Deceptive Trade Practices

Plaintiff has produced evidence that although the Defendant received notice of the claim, the Defendant never investigated the claim. Violations of N.C. Gen. Stat. § 58-63-15 are violations of N.C. Gen. Stat. § 75-1.1 as a matter of law. Gray v. North Carolina Ins. Underwriting Assoc., 352 N.C. 61 (2000). The statute of limitations for an unfair and deceptive trade practices claim is four years. Lucky Ducks, Ltd. v. Leeds., 664 S.E. 2d 78 (N.C. App. 2008)(unpublished disposition). The cause of action begins to accrue when the violation occurs. Id. Plaintiff has produced competent

9

evidence to support their claim that the Defendant did not commence a timely investigation; there is a genuine issue of material fact for the jury as to whether the Defendant met their statutory duties. Summary judgment is therefore **DENIED** as to this claim.

    **SO ORDERED.**

Signed: April 29, 2011

Graham C. Mullen
United States District Judge